**DiFrancesco, Bateman, Coley, Yospin,**
**Kunzman, Davis, Lehrer & Flaum, P.C.**
15 Mountain Boulevard
Warren, New Jersey 07059
(908) 757-7800
Attorneys for Defendants, Affiliated Physicians and
Employers Health Plan

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNION SURGERY CENTER, LLC ON ASSIGNMENT OF PETER G., | *Document Electronically Filed* |
| Plaintiff, | Civil Action No. |
| -vs- | |
| QUALCARE, AFFILIATED PHYSICIANS AND EMPLOYERS HEALTH PLAN, ABC BENEFIT PLANS 1-10; AND JOHN/JANE DOES INC./LLC 1-10, | **NOTICE OF REMOVAL** |
| Defendants. | |

Defendant Affiliated Physicians and Employers Health Plan by and through its attorneys, DiFrancesco, Bateman, Coley, Yospin, Kunzman, Davis, Lehrer & Flaum, P.C. files the following Notice of Removal of the above captioned action from the Superior Court of New Jersey, Law Division, Union County, where it is now pending, to the United States District Court for the District of New Jersey, and in support states:

1.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441 on the grounds that Plaintiff's Complaint has set forth allegations of its federal statutory rights, falling within the ambit of the Federal Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002, et. seq.

2.     On or about April 7, 2014 Plaintiff initiated this action against Defendant Affiliated Physicians and Employers, in the Superior Court of New Jersey, Law Division Union County, Docket No. UNN-L-361-13. A true and accurate copy of the Complaint, which constitute all process, pleadings and orders served in the state court action applicable to this Defendant, are attached hereto as **Exhibit A**.

3.     This matter was previously filed in Superior Court against Defendant QualCare. The Complaint against Defendant QualCare was dismissed on summary judgment, and the Complaint was recently amended to include Defendant Affiliated Physicians and Employer Health Plan.  This is a civil action in which Plaintiff seeks damages for losses claimed as a result of alleged violations of its rights under the federal statute, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002, et. seq.   All three Counts of Plaintiff's Complaint allege violations by Defendant of the provisions of the federal statute, ERISA 29 U.S.C. § 1002, et. seq.

4.     Removal of a state court action without regard to the citizenship of the parties is appropriate if the suit could have been brought in federal district court, as "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. §1441(b).  The Court has original jurisdiction over this matter as all three Counts of the Complaint arise from the Constitution, treaties or laws of the United States.

5.     Plaintiff served Defendants with a copy of the Complaint on June 3, 2014, which was also the first date upon which Defendant had notice of the pending action. No further substantive proceedings have taken place since service on Defendants.

6.     This Notice of Removal is being filed with the Court within 30 days of the date Defendants first received notice, through Plaintiff's Complaint, that the action was removable. As such, the Notice of Removal is timely filed pursuant to 28 U.S.C. §1446.

7.     The United States District Court for the District of New Jersey is the district embracing the location where the state court action is pending.

8.     The Notice of Removal has been sent, this same date, to the Superior Court of New Jersey, Union County, and a copy of this Notice of Removal will be served upon counsel for Plaintiff pursuant to 28 U.S.C. §1446(d).

**WHEREFORE**, Defendants Affiliated Physicians and Employers Health Plan respectfully request that this matter now pending in the Superior Court of the State of New Jersey, Union County, Law Division be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

DiFrancesco, Bateman, Coley, Yospin, Kunzman, Davis, Lehrer & Flaum, P.C.


By:   *s/ Lisa M. Fittipaldi*
        Lisa M. Fittipaldi

Dated:   June 11, 2014

# EXHIBIT A



**CALLAGY LAW**
Courageous · Compassionate · Committed

Mack-Cali Centre II
650 From Rd – Suite 565
Paramus, New Jersey 07652
Email: info@callagylaw.com
Web: callagylaw.com
Office: 201.261.1700
Fax:    201.261.1775

Sean R. Callagy+*

Partner
Benjamin D. Light+
David L. Aromando+*

Tara M. McCluskey+
JoAnne Baio LaGreca+*
Michael J. Smikun+*
Jennifer Chapla+*^
Matthew R. Major+
Rebecca Molnar+
Andrew P. Slowinski+
James Greenspan+*
Lauren E. Fradella+*
Jorge J. Feliz+
Thelma Akpan+=
Tamara E. Kotsev+
Eric Meehan+*
Lynne Goldman+*

+Member of the New Jersey Bar
*Member of the New York Bar
^Member of the Connecticut Bar
=Member of the Pennsylvania Bar

**New York Office:**
1133 Broadway
Suite 708
New York, NY 10010
(Reply to NJ Office)

---

**May 30, 2014**

<u>Via Regular Mail</u>
Lisa M. Fittipaldi, Esq.
DiFrancesco, Bateman, Coley, Yospin, Kunzman, Davis, & Lehrer, P.C.
15 Mountain Boulevard
Warren, NJ 07059

       **RE:**    **Union Surgery Center o/a/o/ Peter G., vs. Qualcare, et. als.**
               **Docket No.: UNN-L-361-13`**

Dear Sir/Madam:

      This firm, and more specifically the undersigned, represents Plaintiff in the above-captioned matter.

      Enclosed please find a copy of an Amended Complaint. Also, enclosed please find an Acknowledgment of Service. Should you choose to accept service, please sign and return the enclosed Acknowledgement of Service via the enclosed self-addressed, stamped envelope within thirty (30) days of this date.

      Thank you.

             Very truly yours,

             Lauren E. Fradella, Esq.

LEF/nlh
Enclosures.

**LAW OFFICES OF SEAN R. CALLAGY, ESQ.**
Lauren Fradella, Esq.
Mack-Cali Center II
650 From Road – Suite 565
Paramus, NJ 07652
Tel. :( 201) 261-1700
Attorneys for Plaintiff, Union Surgery Center, LLC

---

| | |
|---|---|
| UNION SURGERY CENTER, LLC on assignment of PETER G., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: UNION COUNTY DOCKET NO.: L-361-13 |
| Plaintiff, | |
| vs. | Civil Action |
| QUALCARE, AFFILIATED PHYSICIANS AND EMPLOYERS HEALTH PLAN and ABC CORP., being a fictitious name for the Plan Sponsor whose identity is presently unknown, | |
| Defendant. | **ACKNOWLEDGEMENT OF SERVICE** |

---

The undersigned hereby acknowledges service of a copy of a Summons, Complaint, Civil Case Information Statement and Track Assignment Notice on this ___3̸0̸___ day of ___3̸ ~~May~~ June___, 2014.

AFFILIATED PHYSICIANS AND EMPLOYERS
HEALTH PLAN

_Mallory a. Griffin_

Name: Mallory A. Griffin
Title: Attorney for Defendant
DiFrancesco Bateman

**CALLAGY LAW**
650 From Road, Suite 565
Paramus, NJ 07652
(201) 261-1700
Attorneys for Plaintiff Union Surgery Center, LLC

RECEIVED / FILED
Superior Court of New Jersey

APR - 7 2014

CIVIL CASE MANAGEMENT
UNION COUNTY

| | |
|---|---|
| **Union Surgery Center, LLC on assignment of Peter G.,** : | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: UNION COUNTY** |
| : | |
| **Plaintiff,** : | **DOCKET NO.: UNN-L-361-13** |
| : | |
| : | **CIVIL ACTION** |
| **v.** : | |
| : | |
| **Qualcare, Affiliated Physicians and** : | **AMENDED COMPLAINT** |
| **Employers Health Plan, ABC Benefit Plans** : | |
| **1-10; and John/Jane Does Inc./LLC 1-10.** : | |
| : | |
| **Defendants.** : | |
| : | |

COMPUTER

APR - 8 2014

SECTION

Plaintiff Union Surgery Center, LLC on assignment of Peter G., by way of Complaint against Defendants:

### THE PARTIES

1. At all relevant times, Plaintiff Union Surgery Center, LLC ("Plaintiff") was a healthcare provider in the County of Union, State of New Jersey.

   Upon information and belief, Defendant Qualcare ("Defendant" and collectively with ABC Benefit Plans 1-10, and/or John/Jane Does Inc./LLC1-10, "Defendants") is primarily engaged in the business of providing and/or administering health care plans ("Plans") or policies ("Policies") and was present and engaged in significant activities in the State of New Jersey to sustain this Court's exercise of *in personam* jurisdiction.

2. Upon information and belief, Defendant Affiliated Physicians and Employers Health Plan ("Defendant" and collectively with ABC Benefit Plans 1-10, and/or John/Jane

USCT-QLC-MM-001

Does Inc./LLC1-10, "Defendants")  is primarily engaged in the business of providing and/or administering health care plans ("Plans") or policies ("Policies") and was present and engaged in significant activities in the State of New Jersey to sustain this Court's exercise of *in personam* jurisdiction.

3. Upon information and belief, Defendant ABC Benefit Plans 1-10 ("Defendant" and collectively with all Defendants, "Defendants") are benefit health plans that provide or administer health care benefits to its members or beneficiaries within the State of New Jersey and was present and engaged in significant activities in the State of New Jersey to sustain this Court's exercise of *in personam* jurisdiction.

4. Upon information and belief, Defendant John/Jane Does Inc./LLC 1-10  ("Defendant" and collectively with all Defendants, "Defendants") are employers or funds that provide or administer health care benefits to its members within the State of New Jersey and was present and engaged in significant activities in the State of New Jersey to sustain this Court's exercise of *in personam* jurisdiction.

5. ABC Benefit Plans 1-10 and John/Jane Does Inc./LLC 1-10 have been added as Defendants in this matter because their identity is not known at this time, and Plaintiffs are including them in this action through fictitious names.  On information and belief, the unidentified Defendants are involved and/or responsible, and/or represent others who are involved and/or responsible, for the payment of services rendered by Plaintiff in this action.

## ANATOMY OF THE CLAIM

6. This dispute arises from Defendants' refusal to reimburse Plaintiff the remaining

USCT-QLC-MM-001

balance for services provided to Defendants' beneficiary or insured, Peter G. Patient ID No. H1199311.

7. On or about 2011-12-09, Plaintiff provided medically reasonable and necessary services to Peter G., a beneficiary or insured of the Defendants.

8. Plaintiff obtained an assignment of benefits from Peter G.. See Exhibit A attached hereto.

9. Plaintiff prepared a Health Insurance Claim Form formally demanding reimbursement in the amount of $15,600.00 for the medically necessary services rendered to Peter G.. See Exhibit B attached hereto.

10. Subsequently, Plaintiff received payment in the amount of $419.71 for the medically reasonable and necessary services provided to Peter G. (Claim No. 0024538953). See Exhibit C attached hereto.

11. Taking into account deductions, copayments and coinsurance, this resulted in an underpayment of $15,180.29.

12. Accordingly, Plaintiff brings this action for recovery of the outstanding balance.

## COUNT ONE

### FAILURE TO MAKE ALL PAYMENTS PURSUANT TO MEMBER'S PLAN

13. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-18 of this Complaint and incorporates same by reference hereto.

14. Plaintiff avers this Count to the extent the Employee Retirement Income Security Act, codified in 29 USCS §1002, et seq. ("ERISA") governs this dispute.

15. Section 502(a)(1), codified at 29 U.S.C. 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a Plan.

3                    USCT-QLC-MM-001

16. Plaintiff has standing to seek such relief based on the assignment of benefits obtained by Plaintiff from Peter G..

17. Upon information and belief, Defendants acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

18. Plaintiff is entitled to recover benefits due to Peter G. under any applicable ERISA Plan and Policy.

19. Upon information and belief, Defendants have failed to make payment pursuant to the controlling Plan or Policy.

20. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

    a.    For an Order directing Defendants to pay to Plaintiff $15,180.29;

    b.    For an Order directing Defendants to pay to Plaintiff all benefits Peter G. would be entitled to pursuant the Plan or Policy issued by Defendants;

    c.    For compensatory damages and interest;

    d.    For attorneys fees and costs of suit;

    e.    For such other and further relief as the court may deem just and equitable.

## COUNT TWO

### FAILURE TO PROVIDE ALL NECESSARY DOCUMENTATION

21. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-26 of this Complaint and incorporates same by reference hereto.

22. Plaintiff avers this Count to the extent the Employee Retirement Income Security Act,

USCT-QLC-MM-001

codified in 29 USCS §1002, et seq. ("ERISA") governs this dispute.

23. Section 502(a)(1), codified at 29 U.S.C. 1132(a) provides a cause of action for a beneficiary or participant seeking damages for an administrator's refusal to supply requested information.

24. Plaintiff has standing to seek such relief based on the assignment of benefits obtained by Plaintiff from Peter G..

25. Plaintiff has requested copies of the member Plan or Policy for Peter G..

26. Plaintiff has also requested documents supporting Defendants' calculation of reimbursement in this case.

27. To date, Plaintiff has not received copies of the requested documents

28. 29 U.S.C. 1132(a)(1)(a) and 1132 (c)(1)(B) impose a statutory penalty on any administrator who fails to comply with a request for information required to be turned over to a beneficiary under ERISA.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

    a.    For an Order directing Defendants to pay to Plaintiff $110.00 per day for each day that Defendants failed to provide Plaintiff with a copy of the member Plan or Policy;

    b.    For compensatory damages and interest;

    c.    For attorneys fees and costs of suit;

    d.    For such other and further relief as the court may deem just and equitable.

USCT-QLC-MM-001

## COUNT THREE

### FAILURE TO ESTABLISH/MAINTAIN REASONABLE CLAIMS PROCEDURES

29. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-34 of this Complaint and incorporates same by reference hereto.

30. Plaintiff avers this Count to the extent the Employee Retirement Income Security Act, codified in 29 USCS §1002, et seq. ("ERISA") governs this dispute.

31. 29 C.F.R. 2560.503-1 requires every employee benefit plan establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations.

32. In particular, 29 C.F.R. 2560.503-1 requires that if a claim for benefits is denied in whole or in part, the administrator of every employee benefit plan shall provide written notice of the determination within 90 days after receipt of the claim by the plan.

33. 29 C.F.R. 2560.503-1 further provides that in the event that a claim for benefits is denied, the written notice of the benefit determination must communicate, *inter alia*, **in a manner calculated to be understood by the person claiming benefits:** (1) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review.

34. 29 C.F.R. 2560.503-1 further provides that every employee benefit plan shall establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review of the claim and the adverse benefit determination.

USCT-QLC-MM-001

35. In the case at bar, the employee benefit plan from which Plaintiff claimed benefits did not establish and maintain, in its actual operation of the Plan, procedures that ensured that all relevant time limits and appeal procedures were communicated to the person claiming benefits.

36. As a consequence of Defendants' failure to provide, in a manner calculated to be understood by the person claiming benefits, written notice of all relevant time limits and appeals procedures of the Plan in connection with its adverse benefit determination rendered to Plaintiff, the Plan has failed to comply with the Claims Procedures requirements of 29 C.F.R. 2560.503-1.

37. 29 C.F.R. 2560.503-1 further provides that in the event an employee benefit plan fails to establish **or** follow claims procedures that comply with that regulation, the person claiming benefits shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of ERISA on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a.    For an Order that Defendant has not established and maintained claims procedures that comply with 29 C.F.R. 2560.503-1, and that as a result Plaintiff is deemed to have exhausted all required administrative remedies;

    b.    For compensatory damages and interest;

    c.    For attorneys fees and costs of suit;

    d.    For such other and further relief as the court may deem just and

USCT-QLC-MM-001

equitable.

### NOTICE TO PRODUCE

Pursuant to R. 4:18-1, Plaintiff hereby demands that each Defendant produce the following documentation within fifty (50) days as prescribed by the Rules of Court. Additionally please be advised that the following requests are ongoing and continuing in nature and each Defendant is therefore required to continuously update its responses thereto as new information or documentation comes into existence.

1.  A true and exact copy of any and all Health Insurance Policy, Summary Plan Description, and/or Plan describing the terms and conditions governing the patients who received services rendered by Plaintiff as described in the Complaint filed in this action.

2.  Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by any Defendant entities to the same or similar healthcare provider as Plaintiff.

3.  Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an in network service.

4.  Copies of representative documents (with private information redacted to comply with privacy laws) showing payments made by the Plan to this healthcare provider and similar healthcare providers for comparable services as an out of network service.

5.  The name, address and contact information of any other party of interest, specifically the Plan Administrator, Claims Administrator, Third-Party

USCT-QLC-MM-001

Administrator and /or additional Insurance Companies.

6. The name of the publication, database, documentation, Medicare guidelines etc., of all documents and databases used by Defendant in computing the Usual and Customary Rates.

7. Provide copies of any and all algorithm(s), formula(s), procedure(s) or fee schedule(s) used to derive the customary and reasonable reimbursement rate in this matter.

8. Copies of any and all documentation, including but not limited to manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise relate to the date of service in question or any potential defense to the action in question.

9. If any Defendant intends to produce the testimony of any expert witnesses at Trial, set forth the names and addresses of each such witness, their area of expertise, the subject matter on which they are expected to testify, and a summary of the grounds of each opinion. Attach a true copy of all written reports provided the Defendant by such witnesses.

### TRIAL COUNSEL DESIGNATION

Lauren E. Fradella, Esq., is hereby designated as Trial Counsel in the above matter.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 4:35-1(a) and (b), Plaintiff respectfully demands a trial by jury on all issues in the within action so triable.

### R. 4:5-1(b)(2) CERTIFICATION

USCT-QLC-MM-001

Pursuant to R. 4:5-1(b)(2), I hereby certify that the matter in controversy is not the subject of any other action pending in any court, is not the subject of a pending arbitration proceeding and is not the subject of any other contemplated action or arbitration proceeding, except as may be set forth below:

**None.**

I further certify that I know of no non-parties who should be joined in the action pursuant to R. 4:28, or who may be subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts, except as may be set forth below:

**None.**

## CERTIFICATION OF ATTORNEY

I hereby certify that to the best of my knowledge, information and belief, the within matter is not the subject of any other action or proceeding. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

CALLAGY LAW
Attorneys for Plaintiff


By: _Lauren Fradella_
Lauren E. Fradella, Esq.

DATED:  April 3, 2014

10                    USCT-QLC-MM-001

# EXHIBIT A

REDACTED

New Jersey Department of Banking and Insurance
CONSENT TO REPRESENTATION IN APPEALS OF UTILIZATION MANAGEMENT
DETERMINATIONS AND AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS IN UM
APPEALS AND INDEPENDENT ARBITRATION OF CLAIMS

### APPEALS OF UTILIZATION MANAGEMENT DETERMINATIONS

You have the right to ask your insurer, HMO or other company providing your health benefits (carrier) to change its utilization management (UM) decision if the carrier determines that a service or treatment covered under your health benefits plan is or was not medically necessary. This is called a UM appeal. You also have the right to allow a doctor, hospital or other health care provider to make the appeal for you.

There are three possible stages if you are covered under a health benefits plan issued in New Jersey. Stage 1: the carrier reviews your case using a different health care professional from the one who first reviewed your case. Stage 2: the carrier reviews your case using a panel that includes medical professionals trained in cases like yours. Stage 3: your case will be reviewed through the Independent Health Care Appeals Program of the New Jersey Department of Banking and Insurance (DOBI) using an Independent Utilization Review Organization (IURO) that contracts with medical professionals whose practices include cases like yours. The health care provider is required to attempt to send you a letter telling you it intends to file an appeal before filing at each stage.

At Stage 3, the health care provider will share your personal and medical information with DOBI, the IURO, and the IURO's contracted medical professionals. Everyone is required by law to keep your information confidential. DOBI must report data about IURO decisions, but no personal information is ever included in these reports.

You have the right to cancel (revoke) your consent at any time. Your financial obligation, IF ANY, does not change because you choose to give consent to representation or later revoke your consent. Your consent to representation and release of information for appeal of a UM determination will end 24 months after the date you sign the consent.

### INDEPENDENT ARBITRATION OF CLAIMS

Your health care provider has the right to take certain claims to an independent claims arbitration process through the DOBI. To arbitrate the claim, the health care provider may share some of your personal and medical information with the DOBI the arbitration organization, and the arbitration professional(s). Everyone is required to keep your information confidential. The DOBI reports data about the arbitration outcomes, but no personal information will be in the reports. Your consent to the release of information for this arbitration process will end 24 months after the date you sign the consent.

### CONSENT TO REPRESENTATION IN UM APPEALS AND AUTHORIZATION TO RELEASE OF INFORMATION IN UM APPEALS AND ARBITRATION OF CLAIMS

I, _____ [ ] by marking [✓] (or [x]) and signing below, agree to.

[✓] representation _____ in an appeal of an adverse UM determination as allowed by N.J.S.A. 26:2S-11, and release of personal health information to DOBI, its contractors for the Independent Health Care Appeals Program, and independent contractors reviewing the appeal. My consent to representation and authorization of release of information expires in 24 months, but I may revoke it sooner.

[✓] release of personal health information to DOBI, its contractors for the Independent Claims Arbitration Program, and any independent contractors that may be required to perform the arbitration process. My authorization of release of information for purposes of claims arbitration will expire in 24 months.

Signature: _____     Ins. ID#: H 1199311     Date: 12-9-11

Relationship to Patient: [✓] I am the Patient   [ ] I am the Personal Representative (provide contact information on back)

_____ unable to complete the form due to mental or physical incapacity, a personal representative of the extent that _____

Health Care Provider: The Patient or his or her Personal Representative MUST receive a copy of both sides/pages of this document AFTER PAGE 1 has been completed, signed and dated.

G_____, P_____
DOB: _____
MD: SPIEU

√ MALE □ FEMALE
DOB: 06-28-69

USCT-PG-Page 1

# EXHIBIT B



EXHIBIT C

REDACTED

QualCare, Inc.
P. O. Box 219
Piscataway, NJ 08855-0219

Electronic Service Requested

**QUALCARE**
1-888-670-8135
WWW.QUALCAREINC.COM/QCMEWA

3-DIGIT 070

16733 0.3584 AT 0.371

UNION SURGERY CENTER                    62
1080 GALLOPING HILL ROAD
UNION, NJ 07083-7589

Affiliated Physicians and Employers
Health Plan
Group No: 01APHP30217D
Date: 02/20/2012

Payment Voucher                                      Page 1 of 1

Provider: UNION SURGERY CENTER   Employer:    Patient:          Member No: H1190311
Provider No: 272373884           Vendor No: 272373884   Pat Acnt No: 1772   Claim No: 0024635895

| Service Code | Date of Service | Charged Amount | Provider Discount | Max Fee Excluded | Ineligible | CoPay/ Coins | Deduct Applied | Other Insurance | Amount Paid | Re-marks | Patient Portion | Withhold Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 400 | 12/08/11 | 5,200.00 | 0.00 | 4,990.53 | 0.00 | 0.00 | 209.47 | 0.00 | 0.00 | | 5,200.00 | 0.00 |
| 400 | 12/08/11 | 5,200.00 | 0.00 | 5,095.37 | 0.00 | 0.00 | 104.63 | 0.00 | 0.00 | | 5,200.00 | 0.00 |
| 489 | 12/08/11 | 5,200.00 | 0.00 | 5,094.09 | 0.00 | 0.00 | 105.91 | 0.00 | 0.00 | | 15,600.00 | 0.00 |
| Claim Totals | | 15,600.00 | 0.00 | 15,180.29 | 0.00 | 0.00 | 419.71 | 0.00 | 0.00 | | | |

Net Payment for Claim          0.00
Patient Portion          16,600.00

| | Charged Amount | Provider Discount | Max Fee Excluded | Ineligible | CoPay/ Coins | Deduct Applied | Other Insurance | Amount Paid | Patient Portion | Withhold Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| Totals | 15,600.00 | 0.00 | 16,180.29 | 0.00 | 0.00 | 419.71 | 0.00 | 0.00 | 15,600.00 | 0.00 |

REQUEST FOR REVIEW: All claims have been processed in accordance with the plan provisions and limitations. Should you or an authorized representative like to request a review of the handling of this claim, you must submit a written request within 180 days to the address listed above. Please include with your request any additional information or documentation you feel would be pertinent to the review of this claim. If you have any questions, please feel free to contact our Customer Service Department at the telephone number listed above.

Electronic (EDI) claims submission results in faster claims processing. QualCare NEIC Payer ID is 23342. Avoid processing delays by ensuring that the patient information submitted matches exactly what is on the patient's ID card, including member ID, birth date, and gender.

Reminder- EDI claims submitted without your NPI or with any other legacy provider ID# will be rejected. As always, your TIN is a required data item.

